**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN BARTH, | No. 21-15119 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-09288-NC |
| v. | |
| MABRY CARLTON RANCH, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

John Barth appeals pro se from the district court's order dismissing for

improper venue his action alleging federal racketeering claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Immigrant Assistance*

*Project of the L.A. County Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 868

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2002).  We affirm.

The district court properly dismissed Barth's action for improper venue because Barth failed to establish that any defendant resides in the Northern District of California or that a substantial part of the events giving rise to his claims occurred there.  *See* 28 U.S.C. § 1391(b)(1), (2) (describing where a civil action may be brought); *see also* 28 U.S.C. § 1406(a) ("A district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

The district court did not abuse its discretion by denying Barth's motion to seal because Barth failed to establish that the documents were subject to sealing. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1175, 1178 n.3 (9th Cir. 2006) (standard of review); N.D. Cal. Civ. R. 79-5(b) (providing that a request to file documents under seal must establish "that the document[s] . . . are privileged, protectable as a trade secret or otherwise entitled to protection under the law").

We reject as meritless Barth's contention that the district court was biased against him and that he was entitled to discovery assistance.

Barth's request that this court try his case, set forth in the opening brief, is denied.

**AFFIRMED.**

2                                                          21-15119